GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street
New York, New York 10004
(646) 964-9640
Jason L. Solotaroff
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JARED BAILES, on behalf of himself and
other similarly situated individuals,

                Plaintiff,                         **COMPLAINT**

        -against-                              Dkt. No.:

HALO MEDIA LLC,

                Defendant.

-------------------------------------------------------------------------X

     Plaintiff Jared Bailes, by his attorneys Giskan Solotaroff & Anderson LLP, for his complaint against Defendant Halo Media LLC ("Halo"), alleges as follows:

## Preliminary Statement

     1.      Plaintiff alleges claims for violation of the Fair Labor Standards Act and the New York Labor Law on behalf of himself, and other similarly situated, current and former Halo employees whose primary duties did not encompass those set forth in the U.S. Department of Labor's "computer employee" exemption and who were classified as independent contractors ("the Overtime Class").

     2.      Other than the misclassified employees who worked as software engineers or other skilled computer workers, Halo's misclassified employees were not subject to any exemption from the requirement to pay a premium for overtime wages.

3.      As a result, Mr. Bailes and the Class were wrongfully denied time and a half wages for hours worked in excess of 40 per week in violation of both the Fair Labor Standards Act and the New York Labor Law.

4.      In addition, Halo violated §195 of the New York Labor Law by not providing its employees with wage statements that showed basis of pay and the regular and overtime hours worked.

5.      Mr. Bailes, individually, also alleges claims for breach of contract and disability discrimination in violation of the New York City Human Rights Law ("NYCHRL").

6.      Although Halo and Mr. Bailes had agreed he would be paid a set hourly wage for each hour worked, Halo did not pay Mr. Bailes for all of his hours between June and September 2022.

7.      Mr. Bailes has autism which is a psychological impairment within the meaning of the NYCHRL. While Mr. Bailes was employed by Halo, he informed his supervisor of his condition and requested accommodations. Instead of providing the accommodation, Halo discriminated against Mr. Bailes by demoting him and subsequently terminating his employment.

## THE PARTIES

8.      Plaintiff Jared Bailes is domiciled in the state of Washington.

9. Defendant Halo Media LLC is a limited liability corporation organized under the laws of New Jersey with its principal place of business in New York, New York.  Halo's sole member, David Lee, is domiciled in New York, New York.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Bailes's claims under the FLSA pursuant to 29 U.S.C.§ 216 (b). In the alternative, the Court has jurisdiction over the claims pursuant to 28 U.S.C. §1332 as a result of diversity of citizenship of the parties and the amount on controversy exceeding $75,000.

11. Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this action occurred in this District.

12. This Court has personal jurisdiction over Defendant because it operates and employed Mr. Bailes within New York State.

## FACTS

a. **The Overtime Claims**

13. Mr. Bailes has worked in technology since 2014 at companies including Oracle, Nordstrom's and EMC Corporation.

14. On January 7, 2022, Mr. Bailes accepted a position at Halo as a software engineer. Halo is a digital advertising agency. Even though Mr. Bailes was hired to fulfill the functions of an employee, Halo required Mr. Bailes to sign an independent contractor agreement and to agree to receive his hourly wages as 1099 payments.

15. Despite the independent contractor agreement, Mr. Bailes's relationship with Halo was that of an employee under applicable law. Mr. Bailes was assigned work and closely supervised by Halo personnel and at times supervised and managed other Halo employees. Halo decided when Mr. Bailes's work would be performed by providing him with a mandatory work schedule. Mr. Bailes worked exclusively for Halo, he did not offer the services he provided to Halo to the general public, and he was not able to hire any of his own employees to assist him. Mr. Bailes had no ability to determine his own profit by controlling his costs or adjusting other factors. Halo was able to terminate Mr. Bailes's employment with no notice, warning, or cause without any penalty.

16. The great majority of Halo's U.S. employees were also misclassified as independent contractors. Mr. Bailes spoke to many of his co-workers who performed similar functions and learned that they also had been required to sign independent contractor agreements.

17. Mr. Bailes was originally hired as a Senior Software Engineer. In that role, he was exempt from the requirement to pay a premium for hours that exceeded 40 in a week.

18. In June of 2022, Mr. Bailes was promoted to the position of Associate Director. In that role, his principal duty was the management of other Halo employees. Mr. Bailes was not subject to the managerial or administrative exemption because he was not paid on a salary basis. Instead, Halo continued to pay Mr. Bailes on an hourly basis.

19. As an Associate Director, Mr. Bailes generally worked in excess of 40 hours per week but was only paid his straight hourly wage for the hours that exceeded 40. For example, for the two-week period ending August 31, 2022, Mr. Bailes worked 101 hours at his straight hourly wage. In addition, during this period, Mr. Bailes worked an additional 53.75 hours for which he was not paid at all.

20. Based on his employment at Halo, Mr. Bailes is aware that Halo misclassifies the vast majority of its U.S. workforce as independent contractors and pays them a straight hourly wage. As a result, other than employees who work as Software Engineers or perform other advanced tasks that bring them within the FLSA exemption for skilled computer workers, Halo's employees, whether they work in management, sales, or support functions such as human resources, are both misclassified as independent contractors and not exempt from the requirement to be paid overtime.

21. Based on Mr. Bailes's observations of his co-workers, it is apparent that many of them who were classified as independent contractors and were not exempt from overtime pay worked far in excess of 40 hours a week and were only paid their straight hourly wage for all hours worked. This violated both FLSA and the New York Labor Law.

    b.    **The Breach of Contract Claim**

22. Mr. Bailes's agreement with Halo provided that he would be paid an hourly wage of $65 for each hour worked.

23. During the period that Mr. Bailes was an Associate Director, from June to September 2022, he was not paid for approximately 228 hours that he had worked.

    c.    **The Disability Discrimination and Retaliation Claims**

24. Mr. Bailes is 39 years old and was diagnosed with autism when he was approximately 21 years old.

25. After joining Halo in January 2022, Mr. Bailes was consistently praised for his work. In June of 2022, Mr. Bailes was promoted to Associate Director. Mr. Bailes continued to receive extremely positive evaluations and received credit for improving the productivity of his team.

26. On September 2, 2022, without any warning, Mr. Bailes was demoted, and his management responsibilities were taken away. Mr. Bailes was informed that the demotion was in response to two communications that a client had misinterpreted. Mr. Bailes explained that the miscommunications may have been related to his autism and Mr. Bailes and Halo agreed on an accommodation of relieving him from client-facing responsibilities.

27. Although Halo stated it would agree to this accommodation, it continued to require him to meet with clients.

28. On September 17, 2022, Mr. Bailes requested additional accommodations in the form of clearer and more specific communications. Mr. Bailes also complained that his demotion was related to his disability. Halo's Chief Technology Officer Adam Lee admitted that Halo's human resources practices were "very much the Wild West" and the company had only recently adopted anti-discrimination practices.

29. On September 19, 2022, Mr. Bailes stated to Mr. Lee that his demotion constituted a violation of the Americans with Disabilities Act.

30. On October 5, 2022, Mr. Bailes's employment was terminated. Halo Chief Technology Officer Adam Lee admitted that the termination was related to Mr. Bailes's communication style which is a characteristic of Mr. Bailes's autism.

31. Lee also stated that Halo had no obligation to accommodate Mr. Bailes's disability because he was an independent contractor.

**COLLECTIVE ACTION ALLEGATIONS**

32. Pursuant to 29 U.S.C. § 207, Mr. Bailes seeks to prosecute the FLSA claims as a collective action on behalf of all persons who are or were employed by Halo as independent contractors, whose principal duty was not that of software engineers or who did not perform

skilled computer work within the FLSA exemption for skilled computer work, and who have not been paid overtime wages at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of forty per workweek in violation of the FLSA (the "Collective Action Members") at any time since March 8, 2019 to the entry of judgment in this case (the "Collective Action Period").

33. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Halo, upon information and belief, there are over 75 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

34. Mr. Bailes will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Mr. Bailes has no interest that is contrary to or in conflict with those members of this collective action.

35. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

36. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has

acted on grounds generally applicable to all members. Among the common questions of law and fact common to Mr. Bailes and other Collective Action Members are:

    A.    Whether Halo employed the Collective Action Members within the meaning of the FLSA;

    B.    Whether Halo failed to pay the Collective Action Members one and one-half times the employee's hourly wage for hours that exceeded 40 hours per week;

    C.    Whether Halo's violations of the FLSA are willful as that term is used within the context of the FLSA;

    D.    Whether Halo is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees; and

    E.    Whether Halo should be enjoined from violations of the FLSA in the future.

37. Mr. Bailes knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

38. Mr. Bailes sues on his own behalf and on behalf of the Rule 23 class under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

39. Mr. Bailes brings New York Labor Law claims on behalf of the Rule 23 class which consists of all persons who are or were employed by Halo as independent contractors in the State of New York at any time since March 8, 2016, to the entry of judgment in this case (the "Class Period"), whose principal duty was not that of software engineers or who did not perform skilled computer work within the FLSA exemption for skilled computer work, who have not been paid overtime wages at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of forty per workweek in violation of the New York Labor Law, and who did not receive the wage statements required by Labor Law §195(3) ("the

Rule 23 Class").

40. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Bureau Veritas, upon information and belief, there are at least 75 members of the Rule 23 Class during the Class Period.

41. The claims of Mr. Bailes are typical of the claims of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour and breach of contract litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

42. Halo has acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

43. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

44. Mr. Bailes has the same interests in this matter as all other members of the Rule 23 Class and Mr. Bailes has no interest that is contrary to or in conflict with the members of the Class.

45. Mr. Bailes's claims are typical of the Rule 23 Class.

46. There are questions of law and fact common to the Rule 23 Class which predominate over any questions solely affecting the individual members of the class, including but

not limited to:

    a.    Whether Halo employed the members of the Rule 23 Class within the meaning of the New York Labor Law;

    b.    Whether Halo failed to pay members of the Rule 23 Class one and one-half times the employee's hourly wage for hours that exceeded 40 hours per week;

    c.    Whether Halo failed to provide members of the Rule 23 Class the wage statements required by New York Labor Law §195(3):

    d.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interests, costs and disbursements and attorneys' fees; and

    e.    Whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

**FIRST CLAIM FOR RELIEF**
(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 et seq.)

47.    For this cause of action, "Plaintiffs" refers to the named Plaintiff and any other employee of Halo who was classified as an independent contractor and was not employed as a software engineer or other skilled computer worker within the meaning of FLSA and who file individual consents to sue in this action. Plaintiffs allege and incorporate by reference the allegations contained in the foregoing paragraphs.

48.    Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff Bailes's written consent is attached hereto as Exhibit A and

incorporated by reference.

49. At all times relevant to this action, Plaintiffs were employed by Halo within the meaning of the FLSA.

50. At all times relevant to this action, Plaintiffs were engaged in commerce and/or Halo was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

51. Halo willfully failed to pay Plaintiffs one and one-half times the employee's regular rate for hours that exceeded 40 hours per week.

52. Due to Halo's FLSA violations, Plaintiffs are entitled to recover from Halo their unpaid overtime compensation, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
(NEW YORK LABOR LAW §§ 190 et seq, 650 et seq)

53. Plaintiff alleges and incorporates by reference the foregoing allegations.

54. At all times relevant to this action, Plaintiff and the members of the Rule 23 were employed by Halo within the meaning of New York Labor Law §§ 2, 190 and 651.

55. Halo willfully violated the rights of Plaintiff and the Rule 23 Class by failing to pay them one and one-half times their regular rate for hours that exceeded 40 hours per week in violation of the New York Minimum Wage Act, New York Labor Law § 650 et seq, and its regulations, N.Y.C.R.R. § 142-2.2.

56. Due to Halo's New York Labor Law violations, Plaintiff and the Rule 23 Class are entitled to recover from Halo their unpaid overtime compensation, attorneys' fees and costs pursuant to New York Labor Law §§ 198, 663(1) and the New York State Department of Labor

regulations.

## THIRD CLAIM FOR RELIEF
(NEW YORK LABOR LAW §§ 195(3), 198(1-d).

57. Plaintiff alleges and incorporates by reference the foregoing allegations.

58. At all times relevant to this action, Plaintiff and the members of the Rule 23 Class were employed by Halo within the meaning of New York Labor Law §§ 2, 190 and 651.

59. Halo willfully violated the rights of Plaintiff and the Rule 23 Class by failing to provide them with wage statements that included the information required by Labor Law 195(3).

60. Due to Halo's New York Labor Law violations, Plaintiff and the New York Class are each entitled to recover two hundred fifty dollars for each workday that the violations occurred to a total of five thousand dollars.

## FOURTH CLAIM FOR RELIEF
(Breach of Contract)

61. Plaintiff alleges and incorporates by reference the foregoing allegations.

62. Halo agreed with Plaintiff that it would pay him an hourly wage for each hour worked.

63. Between June and September 2022, Halo breached its agreement with Plaintiff by failing to pay him for approximately 228 hours worked.

64. Plaintiff was injured by failing to receive the promised wages.

## FIFTH CLAIM FOR RELIEF
(Disability Discrimination in Violation of NYCHRL)

65. Plaintiff alleges and incorporates by reference the foregoing allegations.

66. Plaintiff has a disorder within the meaning of the NYCHRL.

67. Defendant discriminated against Plaintiff in the terms and conditions of his employment on account of his disorder in violation of the NYCHRL.

**SIXTH CLAIM FOR RELIEF**
(Retaliation in Violation of NYCHRL)

68. Plaintiff alleges and incorporates by reference the foregoing allegations.

69. Defendant retaliated against Plaintiff for his opposition to disability discrimination in violation of the NYCHRL.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Certify this action as a collective action pursuant to 29 U.S.C. § 207

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3);

C. Declare Halo's conduct complained of herein to be in violation of the rights of Plaintiff and the Collective Action Members under the FLSA and the rights of Plaintiff and the Rule 23 Class under the New York State Labor Law and a breach of Halo's employee benefit plans and declare Halo's conduct toward Plaintiff to be a violation of the NYCHRL;

D. Award Plaintiff and the Collective Action Members their unpaid overtime compensation under the FLSA;

E. Award Plaintiff and the Rule 23 Class their unpaid overtime compensation, pursuant to the New York State Labor Law and the New York State Department of Labor Regulations;

F. Award Plaintiff and the Collective Action Members liquidated damages due to Halo's willful failure to pay them overtime compensation pursuant to 29 U.S.C. § 216;

G. Award Plaintiff and the Rule 23 Class liquidated damages pursuant to New York Labor Law §198(1-a);

H. Award Plaintiff and the Rule 23 Class damages pursuant to New York Labor law §198 (1-d);

I. Award Plaintiff and the Rule 23 Class compensatory damages sustained as a result of Halo's breach of its employee benefit plans;

J. Award Plaintiff lost wages and compensatory damages sustained as a result of Halo's NYCHRL violations, as well as punitive damages;

K. Award Plaintiff, the Collective Action Members, and the New York Class prejudgment interest;

L. Award Plaintiff, the Collective Action Members, and the New York Class attorneys' fees and the costs of this action; and

Such other relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated: New York, New York
March 8, 2023

GISKAN, SOLOTAROFF & ANDERSON LLP

_____

By: Jason L. Solotaroff
90 Broad Street
New York, New York 10004
646-964-9640
jsolotaroff@gslawny.com
*ATTORNEYS FOR PLAINTIFF*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JARED BAILES, on behalf of himself and
other similarly situated individuals,

                         Plaintiff,

     -against-                                        Dkt. No.:

HALO MEDIA LLC,

                         Defendant.

------------------------------------------------------------------------X

## CONSENT PURSUANT TO 29 U.S.C. § 216(b)

     Pursuant to 29 U.S. C. § 216(B), I consent to be a party plaintiff in the above-captioned lawsuit alleging that Defendants violated the Fair Labor Standards Act ("FLSA").


Dated:       New York, New York
               March 8, 2023

                                                                     DocuSigned by:

                                                                     BE082031D21A439...
                                                                 JARED BAILES